NIES, Circuit Judge,
concurring.
I agree with the majority that the circumstances of this case are appropriate for application of the “reciprocal trust doctrine” of United States v. Estate of Grace, 395 U.S. 316, 89 S.Ct. 1730, 23 L.Ed.2d 332 (1969). However, I cannot join part III of the majority’s opinion.
The opinion points out that
appellants do not dispute the contention that if decedent had been the transferor and custodian of the stock held for his minor children on the date of death, then the value of the stock would be properly included in his gross estate under sections 2036(a)(1) and 2038(a)(1). [At 1264.]
That is where the matter addressed in part III should end.
Because appellants conceded liability if the underlying transactions were uncrossed, the issue of whether §§ 2036(a)(1) and 2038(a)(1) should otherwise result in tax liability was not an issue addressed by the parties in the briefs or at oral argument. Indeed, at oral argument, in an exchange between the bench and appellant’s counsel, it was again confirmed that liability was conceded if uncrossing took place.
Inasmuch as it was wholly unnecessary in this proceeding, in my view it is inappropriate for the court to take up sua sponte this issue which has been considered only in the 7th Circuit and in one district court (see ante, note 7) and is an issue of first impression in this court. Accordingly, I consider the discussion by the majority to be dicta and reserve my views for a case in which the issue is raised and contested by the parties.